# Munger v. Swanson.

*Bill in Equity to Compel Specific Performance of a Contract for Sale of Land.*

1. *Construction of deed; what title vested.*—Where the owner of land executes a conveyance thereof in fee simple to his wife, reciting therein that it was made in order to provide for the support of his wife and children, and it is provided in said deed that, in order that she may the more readily manage and handle the same, she is thereby "fully empowered to sell the real estate and by her deed grant it in fee simple absolute to the purchaser, the proceeds, if not needed for maintenance of herself and children, to be reinvested" for a like purpose, and further that the grantor "may, by will, name a trustee" for his children, whose consent indorsed on any deed granting the land would be necessary to enable his wife to sell the land,—such deed invests the grantee therein, the wife of the grantor, with an absolute estate in fee, and confers upon her an absolute power of alienation both during the life of the grantor and after his death, subject only to the contingency, having reference solely to its alienation after the death of the grantor, that if he, by will, named a trustee the latter's consent would be necessary to convey it; and a deed to such land executed by the grantee during the life of the grantor, in which he, as her husband, joined, passes to the purchaser an absolute title in fee simple to the land.

`APPEAL` from the City Court of Birmingham, in Equity.

Heard before the Hon. W. W. WILKERSON.

On the 5th day of December, 1895, the appellee filed the bill in this case on the equity side of the city court of Birmingham against R. S. Munger, the appellant.

The bill avers that Mary L. Swanson, the complain-

ant, is over 21 years of age, is a married woman, the wife of John M. Swanson, who is over 21 years of age, and that there are three children of John M. Swanson, all under the age of 14 years, born of complainant, and that said John M. Swanson and his said three children were alive at the time of the filing of the bill in this cause. That on the 28th day of July, 1894, said Swanson executed a deed to complainant, a copy of which is attached as an exhibit to the bill, and the material parts of which are as follows : ''Know all men by these presents that I, John M. Swanson, of said county and State, for and in consideration of the love I bear my wife, Mary L. Swanson, and my children born of her, and in order to provide for their support, and for the further consideration of ten dollars to me in hand paid by the said Mary L. Swanson, do hereby grant, bargain, sell and alien and convey unto the said Mary L. Swanson, in fee simple forever, the real estate situated in Jefferson county, Alabama, and better described as follows : [Here follows a detailed description of the land conveyed.] The said Mary L. Swanson undertakes to pay a debt of $3,500 as a part of the consideration hereof secured by a mortgage of that parcel numbered in the foregoing described lands in paragraph as 5, and being the M. B. Swanson residence lot, the same being all of the indebtedness of the grantor. That she may the more readily manage and handle the foregoing and above granted real estate, the said Mary L. Swanson may, and to that end is hereby fully empowered to, sell said real estate and by her deed grant the same in fee simple absolute to the purchaser, the proceeds, if not needed for maintenance of herself and children, to be reinvested upon like terms and for a like purpose as this grant is made, the purpose being as far as possible to maintain in quantity and value the *corpus* of the estate hereby granted. The said Mary L. Swanson may, and she is to that end fully empowered to, raise money by executing a mortgage as security, granting the above real estate or any part thereof to the lender. The grantor herein may by will name a trustee or guardian of and for his said children, whose consent endorsed upon or embodied in any deed granting said lands, will be necessary to enable the said Mary L. Swanson to sell or

mortgage the aforesaid real estate or any part thereof In witness whereof," &c.

The foregoing deed was witnessed by two witnesses, properly acknowledged and recorded, and complainant avers that said deed is the only source from which she claims title to the land named. The bill further avers that on the 4th day of November, 1895, complainant entered into a contract with defendant, who is over 21 years of age and a resident of Jefferson county, Alabama, by which contract, the specific terms of which are fully set forth, she agreed to sell the defendant the above described real property for the sum of ten thousand and three hundred dollars, a part cash and balance on deferred payments, to be secured by notes of defendant and mortgage executed to her by defendant on the above described real property to secure the notes. The bill avers that the contract sets forth specifically the amount and date of each payment, and the bill sets forth the same in detail. The complainant further avers in her bill that as a part of said contract, she contracted and agreed to convey to the defendant an indefeasible estate in fee simple in and to the above described premises, freed from all incumbrances, and with full covenants of warranty, and that defendant, as a part of said contract, agreed to purchase from her the said lot of land, upon the terms set forth in the contract, provided complainant could convey to defendant the said property freed from incumbrances as aforesaid, the said defendant agreeing, as a part of the purchase money, to asume to pay the balance due on the $3,500 mortgage debt referred to in the deed from John M. Swanson, set forth above, and this mortgage to be excepted from the covenants in the deed to be made to defendant.

The bill further avers that immediately after the execution of said contract she caused a deed to be prepared in accordance with the terms of the contract, conveying the said property to defendant, and that she and her husband joined in said deed and duly signed and acknowledged the same, and that she tendered the same to defendant and also tendered to defendant a mortgage and notes properly drawn for defendant to execute to the complainant in accordance with the terms of the said contract. The bill further avers that upon said tender being made, defendant refused to pay the cash instal-

[Munger v. Swanson.]

ment of the said purchase money, and refused to execute the notes and mortgage to secure the deferred payments of the purchase money, and refused to carry out and perform his part of said contract, and that the defendant so refused upon the ground that complainant did not have such a title in and to said real estate as would authorize her to execute and deliver to him the deed called for by said contract, and insisted that no deed complainant could make to him would convey to him the title called for by said contract.

Complainant avers that she did have the right and power and authority to convey, as she offered to do, the title to said real estate called for by said contract, freed and discharged from any and all trusts in favor of any children born to her by her said husband and from all other trusts, and that defendant did not have any legal right to complain of the title to said land or of the deed she tendered to him.

The bill further avers that it is to the interest of complainant to have the said contract specifically performed, and prayed that the court would decree a specific performance thereof.

The defendant filed a demurrer to the bill of complaint assigning the following grounds therefor :

"1st. The averments show that the complainant claims title to the land in controversy through the trust deed set forth in the bill; that the donor in the deed, the husband of complainant, and three minor children of complainant and her said husband are alive; and that complainant can not, during the life time of her said husband, convey to defendant a good and sufficient title to said land, as she avers she contracted to do.

"2d. The averments show that complainant can not convey a good and sufficient title to defendant in and to the land in controversy during the life of her husband, and that her said husband is still alive.

"3d. The averments show that complainant is prohibited by the deed attached to the bill from conveying the land in controversy during the life time of her husband, and that her said husband is still alive and that said deed is the only source from which the complainant claims title to said land, and the only source from which she asserts her right to convey said land."

The cause was submitted for decree on demurrer, and

the court rendered a decree overruling the demurrer. The defendant appeals, and assigns as error the decree overruling the demurrer.

SMYER & SMYER, for appellant.

WARD & CAMPBELL, contra, cited March v. England, 65 Ala. 275; Munford v. Pearce, 70 Ala. 452; Linn v. Mc-Lean, 80 Ala. 360; Bogan v. Hamilton, 90 Ala. 457.

McCLELLAN, J.—We concur with the judge of the city court in the construction put upon the deed of John M. Swanson to his wife, Mary L. Swanson, namely, that the instrument invests in the grantee, Mrs. Swanson, an absolute estate in fee, and confers upon her an absolute power of alienation as well after the death as during the life of the grantor, subject only to the contingency, provided for in its last clause and having reference solely to alienations after the death of the grantor, that if John M. Swanson should by will name a trustee or guardian of and for their children, the consent of such trustee or guardian indorsed upon or embodied in any conveyance of the property should be necessary to enable Mrs. Swanson to alienate said property. While John M. Swanson survives, and after his death, if he should make no appointment by will of such guardian or trustee, Mrs. Swanson's power to convey in the manner contemplated in the contract with Munger is absolute.

The decree overruling the demurrer to the bill of complaint is, therefore, affirmed.